argued that the little boy had his hand up just before he was struck, "like that (indicating) begging him to stop." Following these remarks a discussion took place between the court and counsel, which we think removed any prejudicial error in the argument. The case is not at all a close one on the facts, but the liability is clear. On the question of the amount of the verdict the earlier decisions in this State are of little assistance. We cannot be unmindful of the fact that money value of life and health is appreciating, and the purchasing power of money steadily depreciating during recent years. Under all the circumstances, we are clear that the verdict is not at all excessive.

The judgment of the Circuit Court of Cook county is affirmed.

*Affirmed.*

Sam Lapin, Appellee, v. Frank Hunt, trading as New Jackson Hotel, Appellant.

Gen. No. 23,900. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOHN F. HAAS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed April 24, 1918.

## Statement of the Case.

Action by Sam Lapin, plaintiff, against Frank Hunt, trading as New Jackson Hotel, defendant, to recover the value of property alleged to have been lost while in defendant's custody. From a judgment for plaintiff for $200, defendant appeals.

H. K. GALPIN and S. G. HAMBLEN, for appellant.

· ALVIN E. STEIN, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

## Abstract of the Decision.

INNKEEPERS, § 7*—*when evidence supports verdict for loss of diamond of guest.* In an action to recover for the loss of a diamond stud left by a hotel guest in the custody of an employee of the proprietor, evidence examined and *held* sufficient to support a verdict for plaintiff.

———————

## Mrs. Vaclav Rolenec, Defendant in Error, v. Marie Rolenec, Plaintiff in Error.

## Gen. No. 23,437.

1. APPEAL AND ERROR, § 360*—*when release of errors in cognovit not conclusive upon maker of judgment note.* The release and waiver of errors in a *cognovit* on a judgment note are not conclusive upon the maker as to an error going to the question of the jurisdiction of the court to enter an order vacating a judgment entered at a previous term.

2. APPEAL AND ERROR, § 783*—*when bill of exceptions sufficient.* On writ of error to reverse a judgment on a judgment note, bill of exceptions examined and *held* sufficient to present the questions involved.

3. APPEAL AND ERROR, § 1703*—*what does not constitute waiver of claim of error in vacating judgment.* The mere fact that a party, who refuses to testify or to offer evidence, is present in court at the hearing of a case on its merits, is not such a participation in the hearing as amounts to a waiver of his contention that the court erred in allowing a motion to vacate a judgment entered in his favor at a previous term of court.

4. JUDGMENT, § 78*—*when for costs not vacated.* The equitable power of a court to open, at a subsequent term, a judgment by

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.